This was an adjourned Case from the Superior Court of Montgomery. Goodson had obtained a judgment against Richards, in the County Court; had sued out a Ca. Sa. by virtue of which Richards was taken, and he took the oath of an insolvent debtor, and was discharged from custody. Some time thereafter, Goodson caused a written paper to be served on Richards, requiring him to take notice, that on the first day of the next succeeding Court for the said county, he should move the Court for an award of execution against his goods and chattels, acquired by him since his taking the oath of an insolvent debtor. This notice seems to have been founded on the Act of Assembly, 1 Rev. Code of 1819, ch. 134, § 33. Richards attended at the Courthouse, by virtue of this summons. The Court, on motion of Goodson, awarded a Capias ad Satisfaciendum against the body of the said Richards, which was executed on the same day, and he was committed to jail.
At the ensuing Superior Court for the same county, Richards applied for and obtained a Habeas Corpus ad Subjiciendum, and the Judge of that Court adjourned to the General Court the following questions: 1. Can a suitor, whilst attending Court upon his own Cause, and not being summoned as a witness in any other Case, be arrested on Civil process, or is he privileged from arrest during his attendance on his own Case, as a suitor ? 2. Can a Defendant, immediately after the rising of the Court, and before he leaves the Court-house yard, be arrested by a Capias ad Satisfaciendum issued on a judgment rendered against him during the sitting of that Court, before he has had *time to return home? 3. Ought he to be discharged by this Court, on Habeas Corpus ?
To which questions, the General Court answered, and did decide: 1. That a sui-tor, whilst attending Court upon his own Cause, is privileged from arrest. 2. That such suitor who has been attending Court, cannot be arrested by a Capias ad Satisfaciendum, or other process, until he has had a reasonable time to return home. 3. That the petitioner, William Richards, ought to be discharged..
Note (in edition, of 1853). — This decision seems to he fully supported by the authorities. See 5 Bacon’s Abr. p. 616-18, “Privilege,” letter B. 2; Hatch v. Blisset, cited Ib. Lightfoot v. Cameron, 3 Wm. Black. Rep. 1113; Arding v. Flower, and another, 8 Term Rep. 534. See, also, Coxe v. M’Clenachan, 3 Dallas, 478; Hurst’s Case, 4 Dallas, 387; by which last Cases, it was adjudged that the privilege extends to arrests on Judicial, as well as on mesne process. See also, Cole v. Hawkins, 3 Strange, 1094; 3 Bl. Com. 289, and Christian’s note, 4; Meckins v. Smith, 1 H. Black. 636.